IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAYE R. PAYE,

               Petitioner,

   v.

MR. ERLINGARD, et al.,

               Respondents.

CIVIL ACTION
NO. 12-2950

## OPINION

**Slomsky, J.**                                                      **August 22, 2014**

## I.    INTRODUCTION

     Before the Court is the pro se Petition of Saye R. Paye ("Petitioner"), a state prisoner, for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On November 22, 2013, United States Magistrate Judge David R. Strawbridge issued a Report and Recommendation, recommending that the Petition be denied and that a certificate of appealability not be issued ("the Report"). (Doc. No. 18.) In December 2013, Petitioner filed Objections to the Report. (Doc. Nos. 20, 21.) The Court has reviewed all pertinent documents, and for reasons that follow, will approve and adopt the Report (Doc. No. 18), denying the Petition (Doc. No. 1) with prejudice.[1]

---

[1] For purpose of this Opinion, the Court has considered the pro se Petition for Writ of Habeas Corpus (Doc. No. 1), Petitioner's Supplemental Submission with Case Law Support (Doc. No. 6), the Government's Response to the Petition for Writ of Habeas Corpus (Doc. No. 9), Petitioner's Reply (Doc. No. 12), the state court record, the notes of testimony of trial and sentencing (Doc. Nos. 15-17), the Report and Recommendation of United States Magistrate Judge David R. Strawbridge ("the Report") (Doc. No. 18), and Petitioner's Objections to the Report. (Doc. Nos. 20, 21.)

## II.     BACKGROUND

The following factual account is taken from the Report:[2]

> [Petitioner] was stopped by police and arrested in January 2002
> within minutes of robbing a man on a Philadelphia street. The
> victim, having followed police in pursuit, identified [Petitioner]
> and his accomplice, as the perpetrators. The victim's wallet was
> found on the sidewalk within a few feet of where [Petitioner] was
> stopped, and a replica gun, displayed by [Petitioner]'s accomplice
> in the robbery, was found on the accomplice.  After being released
> on bail, [Petitioner] failed to appear for trial and remained at large
> for four years. He was ultimately apprehended and in October
> 2007 was tried, separately from his confederate, by a jury seated
> before the Honorable Amanda Cooperman [the Trial Judge]. He
> was convicted of robbery, criminal conspiracy, and [possession of
> an instrument of crime]. Still represented by trial counsel, he
> appealed his conviction, challenging the sufficiency of the
> evidence. The Pennsylvania Superior Court reviewed the evidence
> admitted at trial and, finding it sufficient to support the
> convictions, affirmed. See Commonwealth v. Paye, No. 205 EDA
> 2008 (Pa. Super. Ct. Feb. 4, 2009). The Pennsylvania Supreme
> Court denied allocatur. See Commonwealth v. Paye, 983 A.2d
> 1248 (Pa. Aug. 18, 2009).
>
> On or about January 29, 2010, [Petitioner] filed a pro se petition
> under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons.
> Stat. § 9541, et seq. (the "PCRA"), seeking relief on the grounds
> that improper jury instructions were given, that the victim had not
> properly identified him, and asserting that counsel was ineffective
> for failing to include meritorious issues on appeal. He
> supplemented his petition several months later purporting to
> provide case law support for his claims, focusing heavily on
> Commonwealth v. Dickson, 918 A.2d 85 (Pa. 2007), and also
> arguing that the prosecution misled the jury and the trial court with
> respect to the jury instructions. Court-appointed counsel was
> permitted to withdraw after filing a Finley letter. See
> Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1997).
> The PCRA Court then dismissed [Petitioner]'s petition. The
> Superior Court affirmed, finding that the claims that alleged trial

---

[2] The Report and Recommendation's factual background was based upon the pro se Petition for
Writ of Habeas Corpus (Doc. No. 1), Petitioner's Supplemental Submission with Case Law
Support (Doc. No. 6), the Government's Response to the Petition for Writ of Habeas Corpus
(Doc. No. 9), Petitioner's Reply (Doc. No. 12), the state court record, and the notes of
testimony of trial and sentencing (Doc. Nos. 15-17).

court error were forfeited when they were not presented on direct appeal and finding [Petitioner]'s other claims to have been inadequately supported in his pleadings and brief. <u>See</u> <u>Commonwealth v. Paye</u>, No. 3215 EDA 2010, 38 A.3d 908 (Pa. Super. Ct. Nov. 1, 2011), applic. for re-arg. denied (Jan. 10, 2012).

On or about May 24, 2012, [Petitioner] filed his petition for writ of habeas corpus. (Doc. No. 1.) He provided a "Supplemental Submission . . . With Case Law Support" on July 25, 2012. (Doc. No. 6.) Respondents filed their Response on October 1, 2012. (Doc. No. 9.) [Petitioner] filed a reply brief on October 29, 2012. (Doc. No. 12.)

[Petitioner]'s request for relief under 28 U.S.C. § 2254 presents a host of allegations of improprieties in the manner in which he was identified by the victim; the prosecutor's comment to the jury about the legal instruction they would receive from the court; the fact that his convictions related to the display of a gun that he did not, himself, possess; and his contention that counsel at various stages of trial, appeal, and post-conviction review failed to preserve and present meritorious claims.

(Doc. No. 18 at 2-5) (certain internal citations omitted). On November 22, 2013, the Magistrate Judge issued the Report, concluding that Petitioner's claims were without merit and recommending that the petition be denied. (<u>Id.</u> at 1.) On December 9, 2013, Petitioner filed an Objection to the Report (Doc. No. 20), and on December 26, 2013, Petitioner filed Supplemental Objections. (Doc. No. 21.) For reasons that follow, the Court will adopt the Report and denying Petitioner's claims for relief.

## III.    STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief. Any party may file objections in response to the magistrate judge's Report and Recommendation. <u>Id.</u> at § 636(b)(1)(C). Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The [district] judge may also receive further

3

evidence or recommit the matter to the magistrate judge with further instructions." Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.1987).  See also 28 U.S.C. § 636(b).  In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's Report and Recommendation.  Under that rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections[.]" Savior v. Superintendent of Huntingdon SCI, No. 11–5639, 2012 WL 4206566, at *1 (E.D.Pa. Sept.20, 2012).  Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  De novo review is non-deferential and generally permits the district court to conduct an "independent review" of the entire matter.  Salve Regina College v. Russell, 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).  "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa.1993) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

## IV.    THE MAGISTRATE JUDGE PROPERLY ANALYZED THE PETITION

Petitioner's pro se Objections do not "specifically identify the portions" of the Report to which he objects.  Savior, 2012 WL 4206566, at *1.  The Objections are difficult to understand, but it appears that the gravamen of Petitioner's concerns stem from the fact that he was convicted of possession of an instrument of crime ("PIC"), even though he did not actually possess a weapon during the robbery.  Petitioner was convicted of PIC based upon co-conspirator liability. Viewing his Objections liberally, the Court has discerned three principle objections to the Report,

4

all relating to the Magistrate Judge's analysis of the law regarding PIC and conspiracy.[3]  First, Petitioner objects to the Magistrate Judge's analysis of his argument that the prosecutor made improper statements during her closing argument.  Specifically, Petitioner contends that the prosecutor improperly suggested to the jury that she knew how the trial court was going to instruct the jury on the law of co-conspirator liability.  Second, Petitioner objects to the Magistrate Judge's failure to apply <u>Tumey v. State of Ohio</u>, 273 U.S. 510, 520 (1927), when examining the statements made by the prosecutor during her closing argument.  Third, Petitioner objects to the Magistrate Judge's analysis of his argument that the Trial Judge issued an incorrect PIC jury charge.  The Court will review each of Petitioner's objections in turn.

Petitioner's first objection is without merit.  At trial, the prosecutor made the following statements to the jury regarding the PIC charge:

> Now, Her Honor, in a couple – when I'm done, she will instruct you on the law. And like she said, if anything differs between what I say right now and what she says, whatever she says rules.
>
> ***
>
> Her Honor will instruct you that when you conspire with someone else, you're responsible for their actions. So it doesn't matter that the defendant wasn't the one [sic] the gun because the law holds them both responsible. So, ladies and gentlemen, because a gun was used, there's your PIC.

(Doc. No. 16 at 30: 11-15; 35:7-21.)  These statements correctly reflect the law of co-conspirator liability.  As noted by the Pennsylvania Superior Court:

> [t]he general rule of law pertaining to the culpability of conspirators is that each individual member of the conspiracy is criminally responsible for the acts of his co-conspirators committed in furtherance of the conspiracy. The co-conspirator rule assigns legal culpability equally to all members of the

---

[3] The pro se petition is a rambling one, which the Court viewed liberally so that all allegations would be considered.

conspiracy. All co-conspirators are responsible for actions undertaken in furtherance of the conspiracy regardless of their individual knowledge of such actions and regardless of which member of the conspiracy undertook the action.

Commonwealth v. Galindes, 786 A.2d 1004, 1011 (Pa. Super. Ct. 2001).

The Magistrate Judge correctly applied this standard when reviewing Petitioner's PIC charge:

> With respect to the conviction for possessing an instrument of crime, the Superior Court again pointed to the victim's testimony as sufficient support for the conviction. The court observed that, pursuant to 18 Pa. Cons. Stat. § 907, the Commonwealth had to prove "that [Petitioner] or his co-conspirator possessed an instrument of crime with intent to employ it criminally." Commonwealth v. Paye, No. 205 EDA 2008, slip op. at 4 (Pa. Super. Ct. Feb. 4, 2009). The court noted that the conduct of [Petitioner] and the other man, who were "jointly involved in robbing the victim," and who "acted in concert in detaining him, threatening him with a gun, and stealing his wallet," Id. at 5, was sufficient to sustain the conviction for possession of an instrument of crime, as a defendant is "legally accountable for [his] co-conspirator's carrying and use of [a] firearm[.]" Id. at 5.

(Doc. No. 18 at 15.) The Court agrees with the Magistrate Judge's analysis of this issue. Given the law concerning co-conspirator liability, the prosecutor's statements were proper.[4] Petitioner's Objection to the Report on this issue is therefore without merit.

---

[4] To the extent Petitioner argues that he is entitled to a new trial based on prosecutorial misconduct, the Court notes that such a claim would fail here. The Supreme Court has held that prosecutorial misconduct is insufficient to support a new trial unless it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). It is not enough to show that a prosecutor's remarks were inappropriate or even deserving of universal condemnation. Darden v. Wainwright, 477 U.S. 168, 181 (1986). Here, as noted, the prosecutor's remarks were not inappropriate, let alone deserving of universal condemnation. Her remarks did not result in a denial of Petitioner's due process rights, and, as such, a claim of prosecutorial misconduct would fail in this instance.

Petitioner next argues that the Magistrate Judge failed to consider Tumey v. State of Ohio, 273 U.S. 510, 520 (1927), when considering the issue of whether the prosecutor's statements on co-conspirator liability were inappropriate.  Tumey, however, is not at all applicable to the facts of this case.  In Tumey, the Supreme Court held that it was a violation of an individual's Fourteenth Amendment due process rights to be tried before a judge who had a direct pecuniary interest in the outcome of the defendant's case.[5]  Here, the Trial Judge did not have a pecuniary interest in the outcome of defendant's trial.  Accordingly, Petitioner's second objection is also meritless.[6]

Petitioner's final objection is also without merit.  Petitioner takes issue with the following portion of the jury instruction given by the Trial Judge:

> In order to find the defendant guilty of Possessing a Criminal Instrument, you must be satisfied that the following elements have been proven beyond a reasonable doubt:  First, that the defendant possessed – well, let me be fair here.

---

[5]  In Tumey, the defendant was tried before the Mayor, who was permitted to hear cases under an Ohio statute, but who would only be paid for his service as a judge if he issued a verdict of guilty.  Id. at 520.

[6]  To the extent that Petitioner raises Tumey as a claim of judicial bias at the trial level, the Court notes that such a claim is barred.  Because a claim of judicial bias was not raised in his habeas petition, at this stage in the litigation, it is not appropriate for Petitioner to raise this issue as a new claim for relief.  See E.D. Pa. Local R. Civ. P. 72.1.IV(c) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.").

However, the Court also notes that there is no evidence to support a claim that the Trial Judge in this case was biased.  In order to establish bias, Petitioner must prove that the Trial Judge had a ". . . personal bias against petitioner or [a personal bias against] any class of which petitioner is a member."  U. S. ex rel. Perry v. Cuyler, 584 F.2d 644, 648 (3d Cir. 1978).  There is no evidence to support the argument that the Trial Judge carried a personal bias towards Petitioner or any class to which Petitioner is a member.  Accordingly, this claim, if it were properly before the Court, would be without merit.

> There's no allegation that the defendant possessed the gun. . . . So when I read this charge, I'm – well, let me see if I can make it easy for you.
>
> Okay.  I can make it easier.
>
> In order to find the defendant guilty of Possessing an [sic] Criminal Instrument, you would first have to find that a conspiracy existed beyond a reasonable doubt.  If you don't find a conspiracy existed, then the defendant can't be held responsible for having the gun.

Id. at 74.

Again, the Trial Judge's jury charge was supported by the applicable law concerning co-conspirator liability, as discussed above.  The Magistrate Judge found that the jury charge was appropriate under the law.  (Doc. No. 18 at 18.) ("[A]s long as the jury found a conspiracy to commit robbery and the co-conspirator's display of the gun was a reasonably foreseeable act in furtherance of the conspiracy, then [Petitioner] would be criminally liable.").  The Court agrees with the Magistrate Judge's assessment of this issue.

Petitioner objects to the Magistrate Judge's finding, and claims that the Magistrate Judge failed to examine the Section 2254 Petition under what he argues is the proper standard announced in Commonwealth v. Dickson, 918 A.2d 95 (Pa. Mar. 29, 2007).  As explained by the Magistrate Judge:

> [I]n Commonwealth v. Dickson, 918 A.2d 95 (Pa. Mar. 29, 2007), the Pennsylvania Supreme Court considered 'whether the sentencing enhancement codified at 42 Pa.C.S. § 9712, which imposes a mandatory sentence enhancement on a person who visibly possesses a firearm or firearm replica during the commission of a crime of violence, applies to an unarmed co-conspirator to the underlying crime where his accomplice brandishes a firearm during the commission of the offense.' Dickson, 918 A.2d at 96-97.  The state supreme court determined that the § 9712 sentencing enhancement could not be applied against unarmed co-conspirators. [The Trial Judge] demonstrated that she was aware of this development.

8

(Doc. No. 18 at 19.)

Accordingly, the Magistrate Judge did examine <u>Dickson</u>, and ultimately determined that it was inapplicable to Petitioner's case.  The Report goes on to state:

> [Petitioner] appears to claim that his sentence on the PIC conviction was improper because it was based upon an erroneous finding that he, personally, possessed the gun displayed in this robbery. He makes much of 42 Pa. Cons. Stat. § 9712, which provides that a 5-year mandatory minimum sentence may apply where it is proven at sentencing that the defendant convicted of a crime of violence "visibly possessed a firearm or a replica of a firearm . . . that placed the victim in reasonable fear of death or serious bodily injury during the commission of the offense." 42 Pa. Cons. Stat. § 9712(a). He repeatedly refers to "<u>Dickson</u> Claims" and <u>Dickson</u> error.
>
> The major flaw in [Petitioner]'s analysis is the fact that he was *not* sentenced pursuant to this mandatory minimum provision. Rather, on the PIC conviction, he was sentenced to 5 years of <u>probation</u>, consecutive to the periods of imprisonment that he is serving concurrently for robbery and conspiracy. *See* Sentencing Order, Nov. 28, 2007 [St. Ct. Rec.]; N.T. Sent'g 11/28/07 at 19 [Doc. No. 17]. Therefore, <u>Dickson</u> has no bearing on his petition.

(Doc. No. 18 at 19) (emphasis in original).

The Court agrees with the Magistrate Judge and finds <u>Dickson</u> inapplicable to the instant matter.  Accordingly, Petitioner's third objection is also unpersuasive.

## V.    CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Strawbridge's Report and Recommendation, denying Petitioner's claims for relief.  (Doc. No. 18.)  An appropriate Order follows.

9